IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| RANDY ATKINSON, | ) | |
|          Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11 CV |
| | ) | |
| THE COUNTY OF WINNEBAGO, SHERIFF | ) | |
| RICHARD MEYERS, in his Official Capacity | ) | |
| JEFF HALL, MARTIN JOHNSON, JOSHUA | ) | |
| BRANDENBURG, SEAN POWERS, UKNOWN | ) | |
| CORRECTIONS STAFF, TRACEY RUNYARD, | ) | |
| MARY SPERRY, MEGAN COX, FRANK | ) | |
| NICOLOSI, TANYA MUNGER, JODI ROWELL, | ) | |
| MARGARET WILKOSZ, LORI KMIECIK, | ) | |
| UNKNOWN MEDICAL STAFF, Individually, | ) | |
| UNIVERSITY OF ILLINOIS COLLEGE OF | ) | |
| MEDICINE | ) | |
|          Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, RANDY ATKINSON, by his attorneys, SREENAN & CAIN, P.C., PATRICK MOORE, and brings this action for violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1988.

**JURISDICTION AND ALLEGATIONS COMMON TO ALL COUNTS**

1. That jurisdiction of the Court in invoked pursuant to 42 U.S.C §§ 1983 and 1988, 28 U.S.C. §§ 1331 and 1343(3), and the Constitution of the United States.

2. Plaintiff, RANDY ATKINSON, is, and has been at all times relevant to this Complaint, a citizen of the United States and a resident of the County of Winnebago, State of Illinois.

3. THE COUNTY OF WINNEBAGO is a local public entity under Illinois law, the

employer and/or principal of all named Defendants referred to in this Complaint, and therefore responsible under Illinois law, including 740 ILCS 10/9-102, for any Judgment obtained in this action against any individual Defendant acting within the scope of his or her employment.

4. The Defendant, SHERIFF RICHARD MEYERS is an elected officIAL pursuant to the laws of the State of Illinois with authority and control over the daily operations, management, policies, customs, and practices of what is commonly referred to as the Winnebago County Sheriff's Department of Winnebago County, Illinois, including Deputies and Corrections Officers and the Winnebago County Justice Center a/k/a Winnebago County Jail.

5. The Defendants, JEFF HALL, MARTIN JOHNSON, JOSHUA BRANDENBURG, and SEAN POWERS, at all times material to the Complaint, were sworn Sheriff's Deputies employed as Corrections Officers by Winnebago County, Illinois, acting within the course and scope of their employment and under the color of law.

6. Defendant UNKNOWN CORRECTIONS STAFF at all times material to the Complaint, was a sworn Sheriff's Deputy(s) employed as a Corrections Officer by Winnebago County, Illinois, acting within the course and scope of their employment and under the color of law.

7. THE COUNTY OF WINNEBAGO and SHERIFF RICHARD MEYERS contract with the UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE for the provision of medical services to inmates at the Winnebago County Justice Center.

8. THE COUNTY OF WINNEBAGO and SHERIFF RICHARD MEYERS are responsible for, and have a duty to ensure, that the Constitutional Rights of jail inmates at the Winnebago County Justice Center are not violated as it relates to the provision of medical care and use of excessive force.

9. The Defendants TANYA MUNGER, JODI ROWELL, MARGARET WILKOSZ, LORI KMIECIK, MARY SPERRY, TRACEY RUNYARD, MEGAN COX, FRANK NICOLOSI, at all times material to this Complaint, were employees or agents of the UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO and SHERIFF RICHARD MEYERS, who provided medical services to inmates at the Winnebago County Justice Center within the scope of their employment and agency and under the color of law.

10. Defendant UNKNOWN MEDICAL STAFF at all times material to this Complaint, was an employee(s) or agent(s) of the UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO, and SHERIFF RICHARD MEYERS who provided medical services to inmates at the Winnebago County Justice Center within the scope of their employment and agency and under the color of law.

11. On or about April 14, 2011, Plaintiff was placed under arrest and detained in jail at the Winnebago County Justice Center.

12. At all times relevant to this Complaint, Plaintiff suffered from cirrhosis and was prescribed numerous medications, including lactulose and trazadone.

13. The Plaintiff's cirrhosis and prescribed medications, including lactulose and trazadone, constituted serious medical conditions and/or needs.

14. Upon Plaintiff's detention in the jail, agents and employees of UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO and SHERIFF RICHARD MEYERS, were made aware of the Plaintiff's serious medical conditions and needs.

15. The actions of the named Defendants described in this Complaint and related to this matter constituted malicious, willful, wanton, and/or reckless disregard of the Plaintiff's

Constitutional Rights entitling him to punitive damages.

## COUNT I

### Deliberate Indifference to Prescribed Medications

16. The Plaintiff reasserts and realleges paragraphs 1-15 as paragraphs 1-15 of this Count as if fully set forth herein.

17. At the time of Plaintiff's booking into the Winnebago County Jail, Defendant TRACEY RUNYARD collected the Plaintiff's medical information including his prescriptions for trazadone and lactulose.

18. Thereafter Defendants TANYA MUNGER, JODI ROWELL, MARGARET WILKOSZ, LORI KMIECIK, TRACEY RUNYARD, MEGAN COX and UNKNOWN MEDICAL STAFF failed to provide the Plaintiff with his prescribed trazadone.

19. Subsequent to the booking, Defendants TANYA MUNGER, JODI ROWELL, MARGARET WILKOSZ, LORI KMIECIK, TRACEY RUNYARD, MEGAN COX, and UNKNOWN MEDICAL STAFF failed to provide the Plaintiff with the proper dose of lactulose.

20. On or about April 15, 2011, the Plaintiff reported to Defendants, JODI ROWELL, UNKNOWN CORRECTIONS STAFF, and UNKNOWN MEDICAL STAFF that he was not being medicated properly and no corrective action was taken.

21. Between April 15, 2001 and April 19, 2011, Plaintiff continued to report to Defendants UNKNOWN CORRECTIONS STAFF and UNKNOWN MEDICAL STAFF that he was not receiving the correct medications and no corrective action was taken.

22. The course of Plaintiff's medical care related to the administration of prescription medications constituted deliberate indifference to a serious medical condition and/or need.

23. The failure to correctly medicate the Plaintiff caused his mental state to

deteriorate and he became agitated, confused, aggressive, and hallucinogenic.

24. As a direct and proximate result of the above, Plaintiff's hip was broken in a physical altercation with Sheriff's Deputies.

25. As a direct and proximate result of the above, Plaintiff, RANDY ATKINSON, was then and there injured both internally and externally; that he suffered severe and permanent injuries; and that he suffered acute and prolonged physical and mental pain and suffering; and that he became liable for great sums of money for medical care and treatment.

WHEREFORE, Plaintiff, RANDY ATKINSON, demands judgment against UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO, Defendants TANYA MUNGER, JODI ROWELL, MARGARET WILKOSZ, LORI KMIECIK, TRACEY RUNYARD, MEGAN COX, UNKNOWN CORRECTIONS STAFF, and UNKNOWN MEDICAL STAFF, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for compensatory and such punitive damages as the jury may award, plus attorney's fees and costs of the suit.

## COUNT II

### Excessive Use of Force

26. The Plaintiff reasserts and realleges paragraphs 1-25 of Count I as if fully set forth herein.

27. As a direct and proximate cause of the failure to provide correct medications, the Plaintiff was in an agitated, aggressive, confused, and hallucinogenic state and was unable to comprehend, understand, or appreciate his surroundings.

28. Plaintiff thereafter became involved in a physical altercation with Defendants JEFF HALL, MARTIN JOHNSON, JOSHUA BRANDENBURG, and UNKNOWN

CORRECTIONS STAFF in which said Defendants employed force and broke the Plaintiff's hip.

29. Such force by Defendants UNKNOWN CORRECTIONS STAFF, JEFF HALL, MARTIN JOHNSON, and JOSHUA BRANDENBURG was unreasonable, unnecessary, and excessive and violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

30. As a direct and proximate result of the above, RANDY ATKINSON, was then and there injured both internally and externally; that he suffered severe and permanent injuries; and that he suffered acute and prolonged physical and mental pain and suffering; and that he became liable for great sums of money for medical care and treatment.

WHEREFORE, Plaintiff, RANDY ATKINSON, demands judgment against Defendants JEFF HALL, MARTIN JOHNSON, JOSHUA BRANDENBURG, UNKNOWN CORRECTIONS STAFF, and THE COUNTY OF WINNEBAGO, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for compensatory and such punitive damages as the jury may award, plus attorney's fees and costs of the suit.

## COUNT III

### Deliberate Indifference to Hip Fracture and Prescription Needs

31. The Plaintiff reasserts and realleges paragraphs 1-25 of Count I as if fully set forth herein.

32. Subsequent to the Plaintiff having his hip broken, the medical staff, including but not limited to Defendants MARGARET WILKOSZ, MARY SPERRY, MEGAN COX, FRANK NICOLOSI, and UNKNOWN MEDICAL STAFF continued to fail to correctly provide the Plaintiff with his prescription medication despite the fact that they were aware or should have been aware of the problem.

33. The injury to the Plaintiff's hip and the pain it was causing constituted a serious medical condition which was, or should have been, apparent to Defendants SEAN POWERS, MARGARET WILKOSZ, MARY SPERRY, MEGAN COX, FRANK NICOLOSI, UNKNOWN CORRECTIONS STAFF, and UNKNOWN MEDICAL STAFF.

34. The injury to Plaintiff's hip and the pain it was causing him constituted a serious medical condition which he complained of to Defendants SEAN POWERS, MARGARET WILKOSZ, MARY SPERRY, MEGAN COX, FRANK NICOLOSI, UNKNOWN CORRECTIONS STAFF, and UNKNOWN MEDICAL STAFF.

35. No corrective action was taken to address Plaintiff's serious medical condition or medical needs.

36. The failure of the above named Defendants to appropriately address the Plaintiff's medications and hip injury constituted deliberate indifference to his serious medical needs and a violation of his rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution.

37. As a direct and proximate result of the above, Plaintiff, RANDY ATKINSON, was then and there injured both internally and externally; that he suffered severe and permanent injuries; and that he suffered acute and prolonged physical and mental pain and suffering; and that he became liable for great sums of money for medical care and treatment.

WHEREFORE, Plaintiff, RANDY ATKINSON, demands judgment against THE COUNTY OF WINNEBAGO, UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, SEAN POWERS, MARGARET WILKOSZ, MARY SPERRY, MEGAN COX, FRANK NICOLOSI, UNKNOWN CORRECTIONS STAFF, and UNKNOWN MEDICAL STAFF, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for compensatory and such punitive damages as the jury may award, plus attorney's fees and costs of the suit.

## COUNT IV

## Monell Claim

38. The Plaintiff reasserts and realleges paragraphs 1-36 of Count III as if fully set forth herein.

39. UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO, and SHERIFF RICHARD MEYERS, have created or maintained policies, customs, and practices within the Winnebago County Jail that:

    a. fail to provide and/or require adequate and consistent training regarding, and/or monitoring of, the provision of medication to inmates;

    b. fail to provide and/or require adequate and consistent training to the Winnebago County Jail's Corrections Officers regarding monitoring the medical needs of inmates;

    c. fail to provide and/or require adequate and consistent follow-up regarding inmate medical complaints.

40. UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO, and SHERIFF RICHARD MEYERS, have created or maintained policies, customs, and/or practices of maintaining a jail that is:

    a. underfunded;

    b. overpopulated;

    c. understaffed with the medical staff necessary to ensure the protection of the Constitutional Rights of the inmates.

41. The above referenced polices, customs, and practices of UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO, and SHERIFF

RICHARD MEYERS result in the use of excessive force in violation of the Fourth and Fourteenth Amendments to the Constitution, deprivation of due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution, and deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments to the Constitution.

42. That the excessive force, due process violations, and deliberate indifference related to RANDY ATKINSON between April 14, 2011 and April 27, 2001 were the result of the above references policies, customs, and practices of UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO, and SHERIFF RICHARD MEYERS.

43. UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO, and SHERIFF RICHARD MEYERS were aware of the risk of excessive force, due process violations, and deliberate indifference to serious medical needs caused by the above referenced policies, customs, and practices and failed to take reasonable steps to protect the Plaintiff and other inmates.

44. The above referenced policies, customs, and practices of UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO, and SHERIFF RICHARD MEYERS demonstrate a reckless disregard for the rights and safety of citizens in general and constitutes malicious, willful, wanton, and/or reckless disregard of the Plaintiff's Constitutional Rights entitling him to punitive damages.

45. As a direct and proximate result of the above referenced policies, customs, and practices, Plaintiff, RANDY ATKINSON, was then and there injured both internally and externally; that he suffered severe and permanent injuries; and that he suffered acute and prolonged physical and mental pain and suffering; and that he became liable for great sums of

money for medical care and treatment.

WHEREFORE, Plaintiff, RANDY ATKINSON, demands judgment against UNIVERSITY OF ILLINOIS COLLEGE OF MEDICINE, THE COUNTY OF WINNEBAGO and SHERIFF RICHARD MEYERS, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) for compensatory and such punitive damages as the jury may award, plus attorney's fees and costs of the suit.

## COUNT IV

### Attorney's Fees and Costs

45. Plaintiff, RANDY ATKINSON, incorporates by reference all of the paragraphs of all of the above Counts as if fully set forth herein and states that 42 U.S.C. §1988 entitles Plaintiff to reasonable attorney's fees and costs for prosecuting this action if he is the prevailing party.

WHEREFORE, Plaintiff, RANDY ATKINSON, demands judgment against all the Defendants in an amount necessary to recover all reasonable legal fees and costs of this suit.

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL COUNTS**

RANDY ATKINSON, Plaintiff

BY: _____
PATRICK M. MOORE
Attorney for Plaintiff

*Prepared by:*
PATRICK M. MOORE #6297232
SREENAN & CAIN, P.C.
321 West State Street, Suite 700
Rockford, IL 61101
(815) 962-5490